Per Curiam.

The order should be reversed, with costs in all courts, and judgment of the Supreme Court, Warren County, entered December 3, 1957, in favor of deceased insofar as it grants recovery on the counterclaim should be reinstated. The law of the case is that plaintiff, Harry Reoux, acting as both an attorney and as a son, had the burden of establishing by ‘ ‘ clear and satisfactory ’ ’ evidence that the transfer of the securities in question was a “valid and voluntary gift” on the part of his mother, a burden which he failed to meet (Reoux v. Reoux 3 A D 2d 560, affd. 4 N Y 2d 1022).
The newly discovered evidence consisted only of the will dated November 9, 1953 disinheriting plaintiff and a letter of even date explaining the disinheritance. These documents in no way refute plaintiff’s own admissions of undue influence and overreaching, nor do they reveal any donative intent on the part of the mother as to the securities in question.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Scileppi concur; Judge Bergan taking no part.
Order reversed, with costs in all courts, and judgment of the Supreme Court, Warren County, entered December 3, 1957, in favor of deceased on the counterclaim reinstated insofar as it grants recovery thereon.